IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY RAY TAYLOR, JR., #242 152, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-503-WHA-CSC [WO] |
| WILLIAM E. HOLLINGSWORTH, III, et al., | ) ) ) | |
| Defendants. | ) ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff, an inmate incarcerated at the Staton Correctional Facility, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. He names as defendants the Honorable William Hollingsworth, III (ret.), and the Honorable William Hollingsworth, IV. Plaintiff seeks to challenge matters associated with payment of court-ordered restitution and fees entered by the Circuit Court for Talladega County, Alabama. Plaintiff also seeks to challenge matters associated with a conviction(s) entered against him by the Circuit Court for Talladega County, Alabama. Doc. 1. Upon review, the Court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Upon filing the Complaint, Plaintiff filed a motion in support of a request for leave to proceed *in forma pauperis*. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a). The actions described in Plaintiff's Complaint occurred or are occurring at the Talladega County Circuit Court located in the Northern District of Alabama. Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), the proper venue for this action is the Northern District of Alabama, and it is due to be transferred under 28 U.S.C. § 1404(a).[2]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

---

[2] In transferring this case, the Court makes no determination with respect to the merits of the claims presented in the Complaint.

Plaintiff may file an objection to the Recommendation **on or before August 17, 2021**.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 3rd day of August 2021.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE